

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. T. Burns
County Attorney,
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-1381
Re: Appeals to County Board from action of County Superintendent in refusing to approve teachers' contracts.

We are in receipt of your letter of September 2, 1939, in which you request the opinion of this department based upon the following facts:

About July 7, 1939, the trustees of Common School District No. 20 in Walker County signed a contract of employment with two teachers, and on the following day both teachers filed their contracts with the County Superintendent, who did not act thereon until about August 21, 1939. At this time he notified the trustees and patrons of the school district that he would only approve one of the contracts, and desired an expression from them as to which contract they desired approved. A majority being in favor of the approval of the contract of Mrs. Hannah, it was approved by the County Superintendent, and he refused to approve the contract with Mrs. Yates. Mrs. Yates appealed to the County Board of Trustees, at which hearing it appeared that there will be about 30 or 40 scholastics residing in the district this year. You are unable to state what the average daily attendance will be. It is agreed that with the money on hand, and that to be apportioned to the district, the employment of two teachers will not create a deficiency in the school fund. The patrons and trustees of the school district desire the approval of both contracts because there will be seven grades, from the first to the seventh, inclusive, and one teacher could not properly instruct the students.

770

At the conclusion of the hearing the County Superintendent stated that he refused to approve the contracts because there were not a sufficient number of scholastics authorizing the approval. The County Board took the position that they had no authority to pass upon the matter at all, and that there was no appeal from the action of the County Superintendent in the matter. You present the following questions for our consideration:

"Will you please advise me immediately whether or not the Board should act on the appeal, and whether or not an order should be entered to approve the Yates contract or refuse it, or in other words, affirm or reverse the action of the County Superintendent."

Article 2780, R. C. S. 1925, provides that the Board of Trustees shall have authority whenever the average daily attendance exceeds 35 pupils to employ one competent assistant to every 35 pupils of such excess and fractional part thereof exceeding 15 pupils; however, you state that there has been no finding as to what the average daily attendance will be.

Section 4, H. B. 933, 46th Legislature provides that:

"State aid under provisions of this Act shall be allotted upon the basis of one teacher for any number of scholastics from 20 to 35, and one additional teacher for each additional 30 scholastics, or fractional part thereof, residing in the district. * * *."

You will note that this Act is based upon the number of scholastics residing in the district, and not upon the average daily attendance. It does not appear from your letter whether or not this is a state-aid school. The State Department of Education has forwarded to all city and county superintendents copies of the aforementioned H. B. 933, with comments and instructions, in which the schedule for teacher-pupil load in state-aid schools allows two teachers when the net resident scholastic population is 37. No doubt the County Superintendent of Walker County has been supplied with this material.

771

Article 2750, R.C.S. 1925, provides that the County Superintendent shall approve contracts made with teachers to teach in common school districts. See also Article 2693 R.C.S. 1925.

Article 2686, R.C.S. 1925, provides that all appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party desire to further appeal such matters, they are given the right to appeal to any court having proper jurisdiction of the subject matter, or to the State Superintendent of Public Instruction. Appeal is also allowed from the ruling of the State Superintendent to the State Board of Education.

When the County Superintendent refuses to approve a teacher's contract, such teacher is given the right of appeal to the County Board of School Trustees, and when such appeal is duly and properly perfected it becomes the duty of said Board to hear and determine the issues presented. Duncan v. Bowman, 22 S. W. (2) 683; Powell v. Gibson, 43 S. W. (2) 1113; Miller vs. Smiley, 65 S. W. (2) 417; Isbell v. Stovall, 92 S. W. (2) 1067. The appeal to, and ruling of the County Board of School Trustees is merely one step in the series of appeals provided by statute with reference to the action of the County Superintendent upon teachers' contracts.

It is our opinion that the County Board of School Trustees is authorized and it is its duty to hear and determine appeals from the County Superintendent's action in refusing to approve a contract entered into between a teacher and the local board of school trustees.

The facts stated in your letter are not sufficient for us to attempt to advise what disposition should be made of this case, but we trust our discussion may be of aid. We enclose herewith a copy of our opinion No. 0-653 addressed to Hon. E. H. Griffin with reference to Article 2750.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC-MR
ENCLOSURE

APPROVED SEP 9, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB